ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
TIM L. LASKE (Cal. Bar No. 223395)
Assistant U.S. Attorney
JASON K. AXE (Cal. Bar No. 187101)
Assistant U.S. Attorney
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Facsimile: (213) 894-7819
    Email: Tim.Laske@usdoj.gov; Jason.Axe@usdoj.gov

Attorneys for Defendant, the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLI T. MICHAELS, | ) No. CV 08-05837 SJO (JWJx) |
|     Plaintiff, | ) |
| | ) |
|       v. | ) Trial:      April 6 and 7, 2010 |
| | ) Time:     9:00 a.m. |
| UNITED STATES OF AMERICA, | ) Court:    Spring St.- Ctrm.1 (Second |
| | )           Floor) |
|     Defendant. | ) |
| | ) Hon. S. James Otero |
| | ) |

**FINDINGS OF FACT**

**AND CONCLUSIONS OF LAW [LOCAL RULE 52-1]**

A bench trial was held on April 6 and 7, 2010.  At the close the case, the Court ordered defendant's counsel to prepare [Proposed] Findings of Fact and Conclusions of Law and confer with plaintiff's counsel regarding such proposed findings.  Having considered the testimony of the witnesses, the materials submitted by the parties, and after reviewing the evidence, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure:

1.      Plaintiff, Charli Michaels, brings this action against defendant, the United States of America, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, seeking damages.  To have a cognizable claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., the claim must arise from the negligent or wrongful act of a government employee acting within the scope of his or her employment under the circumstances where the United States, if it were a private individual, would be liable under the law of the State where the claim arose.  28 U.S.C. §§ 1346(b), 2674; *Dalehite v. United States*, 346 U.S. 15 (1953).  California law is applicable because the accident occurred in California.  *Id.*

2.      In California, actionable negligence requires a legal duty to use care, breach of that duty, and causation of injury.  *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970); *Mendoza v. City of Los Angeles,* 78 Cal. Rptr. 2d 525, 528 (1998).  A plaintiff must prove by a preponderance of the evidence that the claimed damages were caused by the negligent act or omission of an employee of the United States.  28 U.S.C. §§ 1346(b), 2674.  Plaintiff cannot recover without proving by a preponderance of the evidence that defendant was negligent and defendant's negligence was the proximate cause of her alleged injuries.  *Elder v. Pac. Telephone and Telegraph*, 66 Cal. App. 3d 650, 657 (1977); *Brown v. Poway Sch. Dist.*, 4 Cal. 4th 820, 827 (1993) (plaintiff's burden to prove "every essential fact on which [she] relies"); *Hawthorne v. Siegel*, 88 Cal. 159, 163

(1981) (plaintiff has the burden of demonstrating a causal connection with her alleged injuries); Cal. Civ. Code § 3333.

3. The car accident occurred on October 3, 2005, at approximately 4:40 p.m., involving plaintiff Charli Michaels driving her 1999 BMW 323i, and Christopher Keeler driving a government-owned 2003 Oldsmobile Alero.

4. At the time of the accident, Mr. Keeler was acting within the course and scope of his employment with the federal government.

5. Ms. Michaels and Mr. Keeler were traveling northbound on Interstate 5 ("I-5") at the time of the accident.

6. Mr. Keeler was traveling in the Number 1 lane prior to the accident and he made an unsafe lane change from the Number 1 lane to the Number 2 lane at the time Ms. Michaels was in the Number 2 lane and in control of the Number 2 lane, in violation of Vehicle Code section 21658(a), causing Ms. Michaels to lose control of her vehicle in the attempt to evade contact with Mr. Keeler's government vehicle.

7. The sole cause of the accident was the negligence of Mr. Keeler and Ms. Michaels did not contribute to the accident. Her actions in avoiding contact were reasonable under the circumstances.

8. The vehicles were traveling at approximately 70 to 75 miles an hour at the time of the incident.

9. Based on the persuasive deposition testimony of CHP Officer Brian J. Baird and the traffic accident report, there was no contact between the two vehicles.

10. It was reasonable for Ms. Michaels to try to avoid contact and that caused her to spin out and to collide with the center divider.

11. Mr. Keeler was negligent in his operation of the government vehicle and breached the duty of reasonable care, which he owed to persons on the highway, including Ms. Michaels.

12.     The accident could have reasonably been avoided by Mr. Keeler if he had not made an unsafe lane change.

13.     Ms. Michaels suffered from a significant pre-existing medical condition, which included a severe degenerative disc disease, primarily cervical disease, and that she had a long history of the arthritic condition prior to the incident.

14.     The property damage reasonably caused by the accident is the amount claimed in Exhibit 35, with the exception of the estimate from Hester's Body Shop in the sum of $3,742.87.  Plaintiff has not established a relationship between the need for that repair and any damage to her vehicle arising out of the incident. Thus, the Court will award <u>$14,811.88 in property damage</u>.

15.     Based on all of the evidence, the fair and reasonable  medical expenses arising out of the incident is the sum that's prayed for in Exhibit 35, *i.e.*, $17,689.  It was reasonable under the circumstances because of the significant pre-existing medical condition for her to have sought treatment covering the period from November 2005 through November 2009.  In making the determination that it was fair and reasonable for Plaintiff to have sought treatment, the Court is taking into consideration some of the particulars regarding the Plaintiff, including the fact that she was without medical insurance and could not always maintain consistent medical treatment with any of the treating physicians and because of her job circumstances, she was required to relocate on a number of occasions, which created inefficiency in her attempts to seek medical care.

16.     There is no evidence that Plaintiff is in need of any type of surgical intervention.  The testimony of Dr. Moelleken was not persuasive.  His credibility was significantly undercut by his claim that he would have an opinion regarding surgery involving a patient that he examined approximately four years ago.  That simply did not make sense to the Court and it does not make common sense.

///

3

1  There is nothing in the medical records that supports any claim for the necessity for

2  surgery associated with the incident.

3        17.    There is nothing in the medical records indicating that Plaintiff is in

4  need of any type of epidural injections associated with the incident.  The best

5  course of treatment, based on all of the records before the Court, suggests the best

6  course of treatment is her present treatment, which is chiropractic care in addition

7  to physical therapy.  Probably more importantly, the Plaintiff is in need of a home

8  care exercise program that she can follow that would alleviate most of her

9  discomfort associated with her condition.

10        18.    The Court will award <u>$17,689 in past medical specials</u> to date.

11        19.    Plaintiff needs additional medical care in the nature of chiropractic

12  care and therapy.   Based on the evidence submitted by Plaintiff, it is hard to

13  determine how much additional medical care she needs, especially in light of the

14  fact that she has already received over four years of medical treatment.

15        20.    The Court will award <u>$4,500 in future medical specials</u>, which

16  consists of 18 weeks of treatment based on Ernest Ferrel, D.C.'s testimony that it

17  would cost approximately $125 per session and approximately twice weekly

18  chiropractic or physical therapy session.

19        21.    The claims of past and future lost wages are not supported by

20  documentation that corroborates plaintiff's testimony regarding her lost wages

21  claims.  At the same time, it seems logical to the Court that the Plaintiff has

22  suffered impairment of the ability to be gainfully employed full time and has lost

23  some wages associated with the accident.  Based on the evidence submitted by

24  Plaintiff, it is hard to determine precisely the amount of lost wages.  The Court will

25  award <u>$15,000 in past and future lost wages</u>.

26        22.    The pain and suffering associated with the incident is also difficult to

27  assess and to measure based on the evidence submitted by Plaintiff.  It would seem

28  to the Court that some of the pain and discomfort that the Plaintiff has been

experiencing is caused by her <u>failure</u> to consistently pursue a medical treatment plan.   Plaintiff has a duty to be compliant with the directives of doctors associated with her care and treatment and it seems to the Court that she has failed to do that by not following a disciplined exercise regimen at home that has contributed to her existing pain.

23.   Based on her significant degenerative disc condition at the time of the incident, assuming that is was exacerbated, assuming that the length of treatment would have lasted significantly longer than your standard soft tissue case, and the trying to assess the emotional trauma associated with undergoing the physical forces and emotional forces on the date and time of the incident, the Court will award <u>$40,000 for past and future pain and suffering</u>.

24.   The Court awards the sum of **$92,000.88** to compensate plaintiff for all her claims of damages.  *See* paragraphs 14 (property damage), 18 (past medical

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

expenses), 20 (future medical expenses), 21 (past and future lost wages), 23 (past and future pain and suffering).

DATED: June 22, 2010.

_S. James Otero_

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

JAMES P. BALLANTINE LAW OFFICES

See attached signature page
_____
JAMES P. BALLANTINE

Attorneys for Plaintiff Charli T. Michaels

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief Civil Division
JASON K. AXE
Assistant United States Attorney

/s/
_____
TIM L. LASKE
Assistant United States Attorney

Attorneys for Defendant, the United States of America

6